**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **VICTOR RAY JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-11-1370-F** |
| | ) | |
| **JUSTIN JONES,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from his state court convictions. United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been promptly examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and as it is untimely, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his convictions upon his guilty pleas to one count of possession of a controlled dangerous substance with intent to distribute, one count of possession of proceeds derived from a violation of the Uniform Controlled Dangerous Substance Act, one count of possession of a controlled dangerous substance within 2000 feet of a daycare facility, one count of manufacturing a controlled dangerous substance, and one count of possession of drug paraphernalia. Case No. CF-2007-1486, District Court of

Oklahoma County, Docket; Petition, 2.[1] Petitioner did not directly appeal his convictions. Petition, 3. However, on October 1, 2010, Petitioner filed an application for post-conviction relief seeking an appeal out of time which the state district court denied on October 8, 2010. Case No. CF-2007-1486, District Court Oklahoma County, Docket; Petition, 6-7; Ex. C.[2] Petitioner appealed the denial to the Oklahoma Court of Criminal Appeals which dismissed the appeal as untimely on February 8, 2011. Case No. PC-2010-1108, Oklahoma Court of Criminal Appeals, Docket; Petition, 7, Ex. B. The petition for federal habeas relief was filed in this Court on November 17, 2011. Petition, 2.

Petitioner raises three grounds for relief. First, he alleges that he was deprived of his due process rights when the trial court failed to make a record of his guilty pleas showing that his pleas were entered knowingly and voluntarily. Petition, Ex. A, at 1. Second, he claims that he was deprived of his due process rights when the state trial court altered the plea agreement between him and the prosecutor without his knowledge or consent. Petition, Ex. A, at 2. Third, he argues that his trial counsel rendered ineffective assistance of counsel in advising him that he could not withdraw or appeal his guilty pleas. Petition, Ex. A, at 3.

## I. SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner

---

[1]The page numbers cited for the petition are the pre-printed numbers in the upper right hand corner of the "form" petition. Page 2 is actually the first page of the petition.

[2]Petitioner has attached three exhibits to his petition which the undersigned has referred to as Exhibits A, B, and C.

is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue sua sponte, the district court must " assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." Day, 547 U.S. at 210 (internal quotation marks omitted); Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007).[3] Finally, a Court may dismiss a § 2254 habeas petition sua sponte only if the petition is clearly untimely on its face. Kilgore v. Attorney General of Colorado, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the petition shows that the petition is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## II. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one year limitations period governing the claims of a habeas petitioner in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one year limitations period runs from the

---

[3]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C), or (D), the limitations period generally begins to run from the date on which the convictions become final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner alleges in Ground Two of his petition that six months into his incarceration, he requested and received from the Oklahoma County court clerk a copy of his plea agreement. Petition, Ex. A, at 2. Petitioner contends upon review of his plea agreement, he realized that the trial court had changed his original plea agreement of three years imprisonment and seven years probation to ten years imprisonment. Petition, Ex. A, at 2. Petitioner claims that these changes were not disclosed to him and that he was unaware of the changes until he received the plea agreement from the Oklahoma County court clerk's office. Petition, Ex. A, at 2. Upon learning of these changes to the plea agreement, Petitioner claims that he wrote to the trial judge and the Oklahoma County district attorney contesting the amendments, but the trial judge instructed him to contact his attorney.

Petition, Ex. A, at 2. Petitioner claims in Ground Three of his petition that when he contacted his attorney, he was told he could not withdraw his pleas or appeal his convictions, which Petitioner alleges was a misstatement of Oklahoma law. Petition, Ex. A, at 3. In considering Petitioner's post-conviction application, the judge addressed Petitioner's claims. He first found that Petitioner was fully advised of his right to appeal and the manner in which to invoke that right, so his claim that his attorney told him he could not seek to withdraw his pleas or appeal his convictions was contradicted by the record. Petition, Ex. C, at 4. Further, the judge stated that Petitioner's attempt to assert that the plea agreement was altered after the fact was incredible. Petition, Ex. C, at 5.

However, to the extent that Petitioner seeks to argue that subsection (D) should apply here, the undersigned finds that argument unavailing. Petitioner has not alleged any impediment which prevented him from learning of the trial court's alleged alteration of the plea agreement or disputed the trial court's finding that this claim is incredible. Petitioner was present during his guilty pleas, knew what he was sentenced to and whether his sentences violated his plea agreement. Further, to the extent that Petitioner is arguing that his attorney's alleged misstatement of the law is sufficient to invoke subsection (D), that claim must also fail as Petitioner is relying on ignorance of the law with regard to his claims which does not excuse prompt filing. Davis v. Roberts, 425 F.3d 830, 836 (10th Cir. 2005) (citing Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)). See also Gunderson v. Abbott, No. 05-8125, 172 Fed. Appx. 806, 810 (10th Cir. Mar. 24, 2006) (attorney error is generally not a basis for equitable tolling). Further, as the Court found Petitioner was

advised of his appeal rights and the manner in which to exercise those rights. Petitioner has not alleged anything else to suggest that subsections (B), (C), or (D) apply to the petition, so its timeliness will be evaluated from the date Petitioner's convictions became final by the expiration of time for seeking direct review.

Petitioner plead guilty and was sentenced on March 5, 2009. Case No. CF-2007-1486, District Court of Oklahoma County, Docket. Petitioner had ten days from that date to move to withdraw his guilty pleas. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. As he did not, his convictions became final for limitations purposes on or about March 15, 2009. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (stating that petitioner's three convictions pursuant to guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction and citing Rule 4.2). Therefore, the one year limitations period began to run on March 16, 2009, and expired on March 16, 2010. See Haws v. Jorgenson, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted)); Malone v. State, Nos. 03-6246, 03-6175, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (one year limitations period should be calculated using anniversary date method). The petition was filed November 17, 2011, over a year and a half after the limitations period expired. Petition, 2. Thus, absent statutory or equitable tolling, the petition is untimely.

**A. STATUTORY TOLLING**

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period will toll it. See Fisher, 262 F.3d at 1142-43. Thus, although Petitioner filed an application for state post-conviction relief, this did not toll the running of the AEDPA limitations period because Petitioner did not file his application until October 1, 2010–several months after its March 16, 2010, expiration.[4]

**B. EQUITABLE TOLLING**

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to

[4]On August 18, 2010, and August 26, 2010, Petitioner filed documents styled "Affidavit for Application for Post Conviction Relief" with the state district court. Case No. CF-2007-1486, District Court of Oklahoma Count, Docket. Even assuming these documents could be deemed properly filed applications for state post-conviction relief, they were filed well after the limitations period had run and thus did not toll it.

demonstrate that equitable tolling applies. Cooper v. Bravo, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing Miller, 141 F.3d at 978).

Petitioner does not allege that equitable tolling applies. However, construing his claims broadly, it seems that Petitioner may be arguing that equitable tolling is appropriate given his attorney's alleged erroneous advice that he was not allowed to withdraw his guilty pleas and that he could not appeal his convictions. However, this claim is at root an ignorance of the law claim, and it is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999)). Further, even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, it is clear from the petition and the materials attached to it that Petitioner has been anything but diligent in his pursuit of his state and federal claims. In light of this significant delay, equitable tolling is not appropriate.

**RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition be dismissed upon filing as untimely. Petitioner is advised of his right to file an objection to this Report

and Recommendation with the Clerk of this Court by January 9, 2012, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 20th day of December, 2011.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE